## CUSHING WHITMAN *versus* ISRAEL COX.

The acts repealing the charter of the Frankfort Bank, and providing for the distribution of its funds by receivers, incapacitated it any longer to sue or be sued in a Court of law, otherwise than to promote the objects confided to the receivers.

A stockholder of the bank, against which a suit is brought, whose property was attached and who had a copy of the writ left with him, is no party to such suit individually, and has no right to appear and defend it; and may impeach the judgment rendered therein, when introduced against him.

TRESPASS for taking a quantity of wood. The defendant, being sheriff of the county, admits the taking of the wood by his deputy, by virtue of an execution against the Frankfort Bank, the plaintiff being a stockholder of the bank at the time the cause of action accrued.

The Frankfort Bank was incorporated and went into operation in 1836, and its charter was repealed on April 16, 1841. The plaintiff was the owner of one share in that bank from the time it went into operation until the repeal of its charter. On March 3, 1841, George Sherwood was the holder of a certain amount of bills of that bank and duly presented the same at the bank for payment, and payment was refused. On March 19, 1841, Sherwood commenced an action against the bank on those bills, entered his action at the Séptember Term of the District Court in 1841, and at the March Term in 1844 recovered judgment against the Bank for the amount of the bills with six per cent. interest from the time of the demand. An execution issued against the Bank on this judgment and the wood was taken thereon by the deputy of the defendant, who was sheriff of the county of Waldo. The execution was against the corporation, merely, but the officer was directed on the back of it, by Sherwood's attorney, to attach and sell property of the plaintiff to the amount of one hundred dollars, that being the nominal value of the stock held by him in the bank. At the time of the service of Sherwood's writ against the bank, the property of the plaintiff was attached, and a copy of the writ was left with him, but he never appeared in the action.

It was agreed, that if in the opinion of the Court the action could be maintained, the defendant was to be defaulted; but if not, the plaintiff was to become nonsuit.

*N. H. Hubbard*, for the plaintiff, contended that as the charter of the Frankfort Bank was repealed in April, 1841, the corporation no longer existed, except for certain purposes, other than this, specified in the repealing act, the judgment was a mere nullity, and had no binding force whatever on any one. The Court had no jurisdiction in the matter, as there was no such corporation, and the consent of an attorney appearing for the bank, could give none. *Williams* v. *Burrill*, 23 Maine R. 153.

The plaintiff being no party to the judgment of Sherwood

against the bank, he is entitled to impeach it. Sherwood did not pursue the course pointed out by the repealing act, and the act in addition thereto, and was not entitled to maintain any suit against the bank.

The proper course to make the plaintiff liable has not been pursued. It should have been by bill in equity or special action.

The case of *Read* v. *The Frankfort Bank*, 23 Maine R. 318, was cited, and relied on as decisive against the justification set up.

*W. Kelley*, made an extended argument for the defendant, wherein he contended, among other grounds, that the course pursued by the creditor was strictly in accordance with the provisions of the statute of 1836, c. 233, " further regulating Banks and Banking." That statute was in force when this *liability was incurred and when* the action of Sherwood was commenced, and provides, that when payment of bills of a bank shall be delayed beyond fifteen days, " then the private property of the stockholder of said bank, to the amount of their respective shares, shall be and hereby is liable to be taken and attached on any suit which may be commenced on the bills so presented." And the same section of the statute provides, that the directors of any bank, " against which any suit may be commenced as aforesaid," shall *exhibit to the person commencing the suit* a true list of the stockholders. The suit must be on the bills of the bank, and against the bank, and the property of the stockholder, is to be taken on the process in that suit. The second section of the act provides a *remedy for a stockholder* " whose property, rights and credits shall be attached and taken as aforesaid" " at law or in equity" against the other stockholders. And section third provides, that if the directors of the bank refuse to give a true list of the stockholders, then the plaintiff in the suit against the bank, on such bills, "may attach the personal property of the directors on his suit so commenced." The course pursued here is not only authorized by statute, but is

the only mode whereby the holder of the bills can have a remedy. The intention of the legislature was, that the holder of bills of a bank should have a remedy, which should be prompt, and attended with little expense, leaving the stockholders to adjust any equities among themselves by bill in equity or special action. Nor is this any strange or unusual provision. It is but putting the stockholders of banks in the same situation as individual inhabitants of towns and other quasi corporations, where the property of the individual may be taken on an execution against the corporation. 6 Greenl. 264; 1 Greenl. 361; 19 Pick. 564. And such is to be presumed was the intention of the legislature, as no other mode is pointed out. 8 Mass. R. 472; 16 Mass. R. 389; 21 *Pick. 453.*

It is said, that as the charter of the Frankfort Bank was repealed before the judgment of Sherwood was rendered, that judgment is a mere nullity, and can be the foundation of no rights. This cannot be correct. The st. 1839, c. 400, provides that where the charters of banks expired, or are "annulled by forfeiture, or otherwise," as this was, that they "shall be continued bodies corporate for three years from such time, for the purpose of prosecuting or defending suits by or against them." Such suits are very common. 7 Metc. 340; 8 Metc. 217; 18 Pick. 63. And the Rev. St. c. 77, § 62, provides that all banks whose charters have been revoked shall continue subject to all the penalties and liabilities they otherwise would have been under, for the term of three years. The case of *Read* v. *The Frankfort Bank,* cited and relied on by the plaintiff's counsel, was the suit of a general creditor of the bank, and not the suit of a holder of bills, which had been demanded, and payment refused. The Court could never have intended to be understood, that in consequence of the repeal of the charter, the stockholders were exempted from the liability they were under to the holders of the bills, and that the repeal should operate not as a punishment of fraud, but as an inducement for the commission of it. Various other provisions of the bank act and other statutes were cited, and comments made thereon, to show, that by any fair

construction, the repeal of the charter of a bank for the violation of its provisions could never have been intended to exempt the stockholders from the liability they would otherwise have continued under.

The plaintiff in this action was virtually a party to the suit of Sherwood, under the provisions of the bank act, and is bound by the judgment. 1 Greenl. 361; 14 Mass. R. 216; 19 Pick. 564; 21 Maine R. 501. The judgment certainly is to be considered as conclusive until reversed, were it liable to be reversed, on writ of error. But were it otherwise, and if the present plaintiff is entitled to inquire into the propriety of rendering the judgment, there is no ground for its reversal, for the reasons already given. He but asks the Court to release and absolve him from the statute obligations he voluntarily incurred by becoming a stockholder in the bank. Even if there had been objections to the forms and modes of process, which is denied, the objections should have been taken in the original action. 4 Greenl. 124; 12 Mass. R. 268; 18 Pick. 393.

The opinion of the Court was drawn up by

WHITMAN C. J. — This is an action of trespass *de bonis asportatis.* The defendant does not deny the taking of the articles, but sets up a justification of the act. He alleges that his deputy, (he himself being sheriff of Waldo) at the time of taking the property, had in his possession an execution in favor of one Sherwood against the Frankfort Bank; and for the purpose of satisfying the same, not being able to find any corporate property of the bank, he, by virtue thereof, and in pursuance of the provision in § 41 of c. 77, of the Rev. St. took and sold the articles alleged to have been wrongfully taken. The reply of the plaintiff is, that the judgment, on which the said execution purported to have been issued, was, as to him, null and void; and that he being personally no party thereto, has a right to show, that it was improperly and illegally rendered; and it is admitted, that, before the service of the writ of Sherwood against the bank, the charter of that institution had

been repealed ; and it appears that all its funds had been ordered to be taken into the hands of receivers, who were required to make an equal distribution thereof among the creditors of the institution ; and it has been adjudged in *Read* v. *The Frankfort Bank,* 23 Maine R. 318, that the acts repealing the charter of the bank, and providing for the distribution of its funds by receivers, incapacitated it any longer to sue or be sued in a Court of law, otherwise than to promote the object confided to the receivers.

It is admitted that the plaintiff was not named as a debtor in the execution, which the defendant relies upon in defence. The judgment on which it issued could not have been against the plaintiff by name. He was in fact no party, individually, in the suit in which it was rendered, and had no right to appear or make defence in it ; nor can he bring a writ of error to reverse the judgment. He must, therefore, have a right to impeach it when introduced against him. According to the decision before cited it seems to follow, conclusively, that the whole procedure was unauthorized. The bank had ceased to exist as a corporate body, in reference to suits instituted against it by those claiming to be its creditors. It had been deprived of its power to transact business, and its funds were transferred to receivers, against whom alone its creditors could prefer their claims, and they (the creditors) could insist upon nothing more than a *pro rata* dividend of those funds. To such a case the statutes, giving corporations three years to wind up their concerns, are inapplicable. The Frankfort Bank, after the appointment of the receivers, had no concerns to wind up. The receivers had the whole control of its affairs. It had become in effect a nonentity. A suit against it, and a judgment entered therein, after the repeal of its charter and the appointment of receivers to supersede its further action, must be regarded, as it respects those who were not authorized to interpose a defence, as nugatory.

The defendant, therefore, in conformity to the agreement of the parties, must be defaulted.