## L. A. CHOAT v. ALBERT H. BOYD.
### No. 10701.

STOCKHOLDER'S INDIVIDUAL LIABILITY—*that judgment against corporation was without jurisdiction or was obtained by fraud, good defense to proceeding to enforce.* A judgment rendered against a party without jurisdiction over him is void, and a judgment obtained by fraud may be avoided by any one against whom it is sought to be enforced. It is a good defense to a motion for execution against a stockholder of a bank either that the judgment against the bank was rendered without jurisdiction or that it was obtained by fraud.

Error from Pawnee District Court. S. W. Vandivert, Judge. Opinion filed November 5, 1898. *Reversed.*

*J. W. Rose*, for plaintiff in error.

*C. N. Sterry* and *W. H. Vernon*, for defendant in error.

ALLEN, J. The defendant in error filed a motion for execution against the plaintiff in error to satisfy the judgment rendered in favor of Boyd against the People's Bank of Larned referred to in the preceding case between the same parties. Thereupon Choat filed an answer in which he alleged that the judgment was rendered without jurisdiction ; that the claim on which it was based was false and fraudulent; that it was for unliquidated damages for the conversion of property, and was taken by default without the introduction of any evidence.

The answer is very long and states minutely the facts bearing on the question of jurisdiction as claimed by Boyd, and also those bearing on the question of fraud on the part of Boyd in obtaining the judgment. When the motion came on for hearing Boyd objected to any hearing upon the answer and cross-petition of Choat for the reasons "that the files in

this case show that the questions raised were *res adjudicata* between the parties; that the said L. A. Choat has no standing in court to make an attack upon said judgment; that the answer and cross-petition so filed does not state facts sufficient to constitute any reason why the judgment rendered should be set aside." This objection was sustained by the court. The plaintiff then made specific offers of proof of the various averments in the answer. These were objected to for the same reasons, and the objection was sustained. On behalf of Boyd, testimony was then offered showing that Choat held twenty-five shares of stock in the bank, of the par value of one hundred dollars a share, and that he had paid in only thirty per cent. thereof. The court thereupon awarded execution in favor of Boyd against Choat for $4250. Choat now seeks a reversal of this order.

The general character of the proceedings on this motion is the same as that in the action in which the judgment was rendered in favor of Boyd against the bank and against Choat. There has been a careful and well-sustained purpose to prevent Choat from ever having a hearing on the merits of any matter pending before the court. It seems almost inconceivable that a district court of this State can have been the scene of such a perversion of the forms of law in the determination of the rights of litigants. The answer and cross-petition of Choat stated two defenses to the proceeding. It is 'elementary law, known and understood by every one familiar with the rudiments of legal principles, that a judgment rendered without jurisdiction is no judgment. It is equally fundamental that a judgment obtained by fraud may be attacked and defeated by any one against whom it is sought to be enforced. Yet in this case the court, at the instance of Boyd, has ruled that neither want of jurisdiction

nor fraud is a defense against Boyd's motion for exe
cution, and has rigidly excluded every offer of testi-
mony to prove them. The order of the District Court
awarding execution against Choat is reversed.