## WARRINGTON v. BALL.

(Circuit Court of Appeals, Third Circuit. December 2, 1898.)

### No. 37, September Term, 1898.

1. CORPORATIONS — SUIT AGAINST STOCKHOLDER IN KANSAS CORPORATION—DEFENSES.

It having been held by the supreme court of Kansas that a suit by a judgment creditor of a corporation of that state against a stockholder to enforce the statutory liability of the defendant is founded upon the plaintiff's judgment against the corporation, and that the defendant may impeach such judgment for fraud or want of jurisdiction (Ball v. Reese, 50 Pac. 875, 58 Kan. 614), an allegation by a defendant that the judgment sued on was fraudulent and collusive states a defense to such an action in any state, the faith and credit to be given such judgment in other states being that to which it is entitled in Kansas.

2. SAME—IMPEACHING JUDGMENT SUED ON—FRAUD AS A DEFENSE.

Fraud being an available defense at law, a stockholder sued upon a judgment against the corporation, to which he was not a party, may allege fraud in the procuring of such judgment as a defense, and is not required to bring a suit in equity to set it aside. Such a defense is no more a collateral attack upon the judgment than a suit in equity would be.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was an action by William E. Ball against Anna M. Warrington, a citizen of Pennsylvania, to enforce an alleged liability of defendant as a stockholder in a Kansas corporation. The circuit court held the affidavit of defense insufficient, and rendered judgment for plaintiff, from which defendant brings error.

E. Spencer Miller, for plaintiff in error.

S. Morris Waln and A. E. Bannard, for defendant in error.

Before ACHESON, Circuit Judge, and BUTLER and BRADFORD, District Judges.

BUTLER, District Judge. The suit is founded on a judgment obtained in Kansas, against the Kansas Saving Bank, chartered under the laws of that state, and located there. The constitution of Kansas (article 12, § 2), provides that "dues from corporations shall be secured by individual liability of stockholders, to an additional amount equal to the stock owned by each stockholder," and a statute of the state (Gen. St. 1889, par. 1192) provides (when a creditor has obtained judgment against the corporation) as follows:

"If execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit, or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged, and upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

Several defenses are set up, one of which is that the judgment sued upon is fraudulent; the allegation being, substantially, that it was obtained by collusion between the plaintiff and the representatives of the bank; that the bank was not indebted to the plaintiff, the certificate of deposit on which he sued having been issued for money furnished to the cashier personally; and that the object of the collusion was to avoid a defense, enable the plaintiff to obtain judgment by default, and pursue the defendant and other stockholders. The circuit court entered judgment for the plaintiff—holding the affidavit of defense to be insufficient.

It is not necessary to examine the several defenses averred. If one of them is sufficient the judgment must be reversed, and the case sent back for trial. If questions shall thereafter exist respecting others, they may be considered in the light of the facts, ascertained by the trial. We think the judgment was erroneously entered. If the averment of fraud was confined to the certificate of deposit, as the learned judge of the circuit court seems to have believed, a different question would be presented. The right to sue is, in terms, based on the judgment against the corporation; and these terms having received a literal interpretation by the supreme court of Kansas, in Ball v. Reese, 58 Kan. 614 [50 Pac. 875], we must follow it, and treat the judgment alone, as the foundation of the suit. The fraud averred, however, as we have seen, involves the

90 F.—30

judgment itself.    That it constitutes a valid defense we cannot doubt. Fraud, generally, vitiates whatever it touches—whether a contract, a deed, or a record.    It is unnecessary to consider questions presented by such a defense when set up to suits on foreign judgments, against the defendant therein.    The only question before us arises under the clause of the constitution of the United States which provides that "full faith and credit shall be given in each state to public acts, records, and judicial proceedings of every other state."    This judgment must be given the same credit here that it is entitled to in Kansas.    What credit is it entitled to there?    In the absence of decision by the supreme court of that state, the question might possibly present difficulties.    We do not doubt however that we would hold it liable to invalidation by proof of the fraud here averred.    Any other view would render the statutory remedy against stockholders too inequitable to justify its enforcement outside the state.    Indeed the courts of many of the states have declined to enforce it under any circumstances.    See Cushing v. Perot, 175 Pa. St. 66 [34 Atl. 447]; Marshall v. Sherman, 148 N. Y. 9 [42 N. E. 419]; Fowler v. Lamson, 146 Ill. 472 [34 N. E. 932]; Tuttle v. Bank, 161 Ill. 497 [44 N. E. 984].    To bind one by a judgment to which he is not a party, as provided for by the statute, is barely tolerable.    To bind him by such a judgment obtained by fraudulent collusion (as here averred) would be intolerable.    We are saved the necessity, however, of considering the subject by the decision in Ball v. Reese, supra.    The credit to which such judgments are entitled in Kansas, was there directly involved; and while the court (contrary to its former declarations) held the judgment to be conclusive of all questions *except fraud* and want of jurisdiction, it as distinctly held that it may be impeached and avoided for these causes.    The court is emphatic in so declaring; and places fraud and want of jurisdiction in the same category.    This determination of the question is conclusive.  . There is no force in the contention that the impeachment cannot be made collaterally.    The court in Ball v. Reese distinctly says it can, and cites the following language from 3 Thomp. Corp. p. 392, § 3:

"Although stockholders cannot appear and contest the merits of the action against the corporation, 'yet when a judgment is rendered against the corporation it establishes as conclusively as any judgment can establish the matter in litigation, the liability of the corporation to pay the debt.    Like any judgment, it may be impeached for fraud or for want of jurisdiction by a party entitled to question it; but it cannot be assailed collaterally by a stockholder for any other cause when sought to be charged in respect of it.' "

The defendant cannot indeed impeach the judgment in any other way than collaterally.    She is not a party to it; and it is valid as between the plaintiff and the bank, so long as the latter acquiesces.    She could not therefore be heard in an application to open it.    A proceeding in equity to declare it void as to her, would be as clearly a collateral impeachment as that here proposed.    The suggestion that she should go to Kansas to seek equitable aid, has no support in reason or authority.    She might have such aid wherever the plaintiff is found. Having come here and sought the assistance of our courts to enforce the judgment, she might appeal to equity here against the consequences of the fraud, as effectually as she could in Kansas.    She is not re-

quired however to seek the protection of equity anywhere. Fraud is an available defense at law, and she may therefore set it up in answer to the suit.

The judgment must be reversed.