TOWN OF HINCKLEY v. KETTLE RIVER RAILROAD COMPANY
and Others.[1]

May 28, 1900.

Nos. 12,096—(50).

### Service of Process on Domestic Corporations.

G. S. 1894, § 5203, provides for substituted service of process in civil actions upon domestic corporations whose officers may be within the state, but not known or accessible to service.

### Default Judgment against Corporation—Attack by Stockholders.

A judgment against a corporation, secured by default, may be attacked by the stockholders in a supplemental suit to recover under G. S. 1894, c. 76, upon their stockholdings, for fraud or collusion.

### Fraud—Finding Sustained by Evidence.

Held, upon the evidence in this case, that the finding of the trial court that there was no fraud in securing substituted service on the corporation is supported by evidence.

### Res Judicata.

That the decision of this court in Town of Hinckley v. Kettle River R. Co., 70 Minn. 105, is res judicata, and conclusive upon the stockholders in this case as to the amount of the judgment, and their consequent liability for such amount.

In an action pending in the district court for Pine county between the town of Hinckley, plaintiff, and Kettle River Railroad Company, defendant, plaintiff filed a supplemental complaint seeking to enforce the liability of stockholders in defendant company, and they were made parties defendant, and appeared and answered. The case was tried before Crosby, J., who found in favor of plaintiff, and pursuant to the findings judgment was entered adjudging that there was due from defendant company to plaintiff the sum of $15,052.25 with interest, and that plaintiff recover of defendant stockholders in amounts specified. From the judgment, defendant stockholders appealed. Affirmed.

[1] Reported in 82 N. W. 1088.

*M. D. Grover* and *Geo. B. Young*, for appellants.

Each judgment was void for want of jurisdiction, there having been no legal service of the summons, and the defendant not having appeared.

Laws 1874, c. 27, § 1, required every domestic railroad company to keep an office in the state and an officer there upon whom service of all legal process could be made. G. S. 1894, § 2759. Laws 1875, c. 43, § 1, provided how action could be begun whenever any domestic corporation did not have an officer in the state upon whom legal service of process could be made. G. S. 1878, c. 66, § 63. In 1885 this section was amended "so as to read as follows": "Sec. 63. Service on domestic corporations without resident officers: Whenever any corporation," etc. G. S. 1894, § 5203, omits the words: "Service on domestic corporations without resident officers," and inserts them as black letter catch words preceding the section. By Laws 1878, c. 14, a proviso regulating service on a corporation whose officers cannot be found within the state was added to G. S. 1866, c. 46, § 48, subd. 1. G. S. 1894, § 5199. Statutes providing for substituted service, being in derogation of common right, and contrary to the general policy of the law, are to be strictly construed. Bardwell v. Collins, 44 Minn. 97, 103; Corson v. Shoemaker, 55 Minn. 386. Each judgment is void as against these defendants, because the proceedings, in their inception and at all subsequent stages, were had in fraud of these defendants, and were a fraud upon the court and the administration of justice. It is open to defendant stockholders to attack in this action the judgments in the former action and in this action, for fraud or for want of jurisdiction, or both. 1 Cook, Stockh. § 224; 3 Thompson, Corp. § 3392; Holland v. Duluth I. M. & D. Co., 65 Minn. 324, 331; Ball v. Reese, 58 Kan. 614; Choat v. Boyd, 59 Kan. 682; Prescott v. Farmers (Kan. App.) 53 Pac. 769, 770; Barron v. Paine, 83 Me. 312.

The application of the Kettle River company in the former suit for a vacation of the judgment and the proceedings thereon are not a bar to the attack made in this suit. Neither the parties nor the grounds of attack are the same. The judgment is here attacked for fraud. A cause of action to set aside a judgment for fraud is

a different cause of action from one to set it aside for want of juris-
diction; and a judgment against plaintiff in an action based on one
of those grounds will not bar a subsequent action on the other.
Dixon v. Merritt, 21 Minn. 196. While the former application at-
tacked the judgment for want of jurisdiction, it was on a wholly dif-
ferent ground from that on which this attack is made. See Nesbit
v. Riverside I. District, 144 U. S. 610. The motion made by the com-
pany had no retroactive effect, and did not validate the judgment.
Godfrey v. Valentine, 39 Minn. 336. And even if the decision of the
motion in the district court and in this court on appeal had the ef-
fect of validating the judgment as against the company, it did not
validate it as against those shareholders, so as to preclude them
from attacking it for fraud, or because the service was not au-
thorized by the act of 1885. And though the courts are not wholly
agreed, the better opinion is that, as a general rule, the adverse de-
cision of a motion, whether in the original or the appellate court,
does not bar a subsequent action for the same relief   Heidel v.
Benedict, 61 Minn. 170. The reason is that as motions are made,
resisted, and decided on affidavits and in a summary way, and
neither party can compel the making of an affidavit by any one, the
determination made, whether of fact or law, is not entitled to the
weight attached to judgments after trial of formal issues, and by
the testimony (not affidavits) of witnesses. And hence where, as
under the New York practice in some cases, the issues made on a
motion are fully tried by the court or a referee, on oral testimony,
the order thereupon made may have the conclusive effect of a judg-
ment. This was the case in Dwight v. St. John, 25 N. Y. 203, where
there was a reference, and the hearing was upon full proofs. Riggs
v. Pursell, 74 N. Y. 370; Blank v. Blank, 107 N. Y. 91; Choat v.
Boyd, supra.

*John F. Fitzpatrick* and *Robert C. Saunders*, for respondent.

LOVELY, J.

Plaintiff obtained a default judgment against the Kettle River
Railroad Company. After five months an effort was made to open
this judgment, upon affidavits attempting to show that the sub-

stituted service made upon the secretary of state under G. S. 1894, § 5203, was in fraud of defendant's rights, for the reason that the party making the same had sufficient knowledge of facts to have made an actual, rather than a substituted, service. It was also contended that such service was not valid, as a matter of law; and, upon the ground of mistake, inadvertence, and excusable neglect, the court's discretion was likewise invoked to open the judgment upon a claim that a meritorious defense to plaintiff's cause of action existed.

The attack upon the substituted service was made upon a discussion of the law in support of the claims of fraud, upon affidavits, with an answer, properly tendered, showing facts which defendant claimed to be a sufficient defense. The district court denied the motion to reopen the judgment, and upon appeal to this court the order of the trial court was affirmed (Town of Hinckley v. Kettle River R. Co., 70 Minn. 105, 72 N. W. 835); the court holding, in brief, that substituted service had been properly made, under the statute, on the secretary of state; that it was fully within the power of the legislature to prescribe such a form of substituted service, which in the case at bar was due process of law and valid; also, that the affidavits did not show an abuse of discretion by the trial court in refusing to set aside and open the judgment. A careful reading of the opinion of Justice Mitchell in that case may be necessary to understand the full history of the litigation, and the legal conclusions which we are required to adopt in this case.

In the meantime the receiver appointed by the court in a proper proceeding in that behalf had collected some $11,000, in round numbers, which, as appears, constituted all the property of the railroad company obtainable; and this action is continued upon the original controversy by a supplemental complaint and proceeding, wherein the stockholders of the Kettle River Railroad Company are made parties, and it is sought, under the statute (G. S. 1894, c. 76), to hold them liable for the deficiency due upon the balance of the unpaid judgment against the company. The new defendant stockholders were duly served, appeared, and set forth by way of defense that the original judgment was obtained by fraud, in making substituted

service upon the secretary of state, when officers of the corporation were known to the plaintiff, and might have been personally served; that the Kettle River Railroad Company had been paralleled by another and better road to and beyond the point of its termination, and its business destroyed; also, that it had been transferred to another company, which found it useless and unprofitable to operate it, and it had therefore been discontinued, the rails taken up,— and other facts to establish a defense to the cause of action set forth in the original as well as the supplemental complaint.

The cause was tried by the district court, who found that the new defendants were stockholders of the Kettle River Railroad Company, the amount of stock held by each, and that there was no fraud in the substituted service. The claims of the defendants upon the facts stated, and reasons for the discontinuance of the Kettle River Railroad Company, were fully found against defendants; and the court ordered judgment in certain amounts against the stockholders, justified by the respective holdings of each. Judgment was duly entered upon this order, from which the defendant stockholders appeal.

The contentions upon this appeal are: First, that the service in the original suit was invalid, and the judgment upon which this proceeding is based is void; second, that the service upon the secretary of state was in fraud of the new defendants' rights; and, third, that under the evidence there was no just or legal claim against the stockholders for the removal and discontinuance of the corpus of the Kettle River Railroad. We will dispose briefly of these contentions in their order.

1. The substituted service was upheld in the previous appeal after full argument, and upon careful consideration of the law applicable thereto by this court, and this review would seem to be barred by the familiar rule of res judicata; but in view of the earnest claim of appellants' counsel that the history of the law in this state providing for substituted service on corporations had not been fully considered on the previous hearing, and the claim that such history of the statute and its amendments, in connection with the title to the act providing for such service would show that the statute

under which service was made in the original action was intended to apply solely to domestic corporations whose officers were known to be and reside out of the state, we have carefully considered the subject in the light of all that has been newly urged therein, and are of the opinion that under any view it is only where the language of an act is ambiguous, and needs, by reason of such ambiguity, to be judicially construed, that the history of such act or its title should be resorted to for aid in its construction. It is elementary that such a course is not permissible when the intent of the statute is clear and unequivocal. Sedgwick, St. & Const. Law (3d Ed.) 40. The language of the law, as finally evolved through legislative change into its present form, by its terms applies to

"Any corporation created by the laws of this state, or late territory of Minnesota," which "does not have an officer in this state upon whom legal service of process can be made, of which the return of the sheriff shall be conclusive evidence," etc.   G. S. 1894, § 5203.

Conceding, for the sake of argument, as we must, that actual service could not have been made upon the corporation, because it had no office, that its officers could not be found, or that it kept the official changes of its officers concealed, for which reason the letter of the statute would apply to the service that was made, and it is not easy to see why such a service upon the secretary of state, under the provisions of section 5203, supra, would not be more likely to convey notice to such a corporation than by publication in the county where the suit is commenced, in a country newspaper, which, under the contention of counsel, would be the appropriate form of service applicable in this case, under G. S. 1894, § 5203.   We cannot, notwithstanding all that has been ably urged by counsel on this appeal, depart from the view of this court in the former opinion, in which it is held that

"There is no class of cases where there is greater necessity for, or propriety in, providing for some substitute for service in person than where domestic corporations have no officers who can be found in the state upon whom to make service of process; and we can conceive of no other form of service which would in such cases be more appropriate and more likely to communicate notice of the com-

mencement of the action to the corporation than the one provided in this statute."

2. It is undoubtedly true that any judgment may be impeached for fraud. The rule is well stated on this subject by COLLINS, J., in a recent case in this court as follows:

"Where a defeated party has been prevented from fully exhibiting his case, by fraud or deception practiced upon him by his adversary, as by keeping him away from court through a false promise of a compromise, or where a defendant never had knowledge of a suit, being kept in ignorance by the acts of the plaintiff, these and similar cases, which show that there has never been a real contest on the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree." Street v. Town of Alden, 62 Minn. 160, 163, 64 N. W. 157.

It follows, of course, in this supplemental suit, that such actionable fraud as would show that the original defendants or privies were damaged by a fraudulent substituted service by parties who knew of the existence of officers of the company, upon whom actual service might have been made, with an intent to prevent an appearance and to obtain judgment, ought to annul the judgment. This was the claim made upon affidavits on the hearing in the original case. Upon that hearing it was determined against the defendant. Now, on the actual merits of that issue, which are pleaded in the answer to the supplemental complaint, the door has been opened to defendant to prove such actionable fraud. It availed itself of this right, and the court below found, as a conclusion of fact, that such fraud was not established, and we cannot discover, from a careful review of all the evidence before the trial court, that such conclusion was not fully supported by the records and testimony returned in the settled case; and, under the rule we have universally applied in favor of the conclusions of the trial court, who heard and passed upon the evidence, we cannot make an exception to that rule in this case, but must leave it upon the determination of the court below.

3. Upon the third contention, that the Kettle River Railroad Company, which received $12,000 bonds from the town of Hinckley to construct its railroad to that town from the main line of another

road, and after three years took it up and removed it, and was subjected to an action for damages in which the former recovery was had: We cannot further reconsider the question whether the matters set forth to show a defense to such action are material and sufficient for that purpose. The court below found several facts as claimed in the defendants' answer to the supplemental complaint, but found, as a conclusion of law, that defendants could not recover. The substance of such defense is found in the answer tendered in the application to open the judgment, to which reference has been made, but the right to renew it is closed by the former decision of this court. Whether we are right in this conclusion or not, the judgment in the original suit rested upon a complaint that stated a good cause of action, and cannot now be impeached by a new defense at the behest of the stockholders of the Kettle River Railroad Company; for, as stated by START, C. J., in a recent case:

"The judgment in such original action, determining the amount of the corporate debts remaining unpaid, is binding on all of the stockholders, whether parties to the action or not, unless impeached for fraud. A judgment against the corporation is, in effect, a judgment against the stockholders in their corporate capacity. They are represented by the corporation in the action." Hanson v. Davison, 73 Minn. 454, 462, 76 N. W. 256.

Since the decision above referred to, this doctrine has been sustained by the high authority of the supreme court of the United States, which, in a recent case, held that

"A judgment is final and conclusive between the parties and their privies; and * * * it must be held that every stockholder in a corporation is so far privy in interest in an action against the corporation that he is bound by the judgment against it. In the absence of fraud and collusion, the judgment must be held to be final and conclusive against the stockholder." Hancock Nat. Bank v. Farnum, 176 U. S. 640, 20 Sup. Ct. 506.

And under these authorities, whether there be anything in the new defense which denies the right of recovery, such defense is foreclosed by the former recovery, and is res judicata, not only as to the corporation, but every stockholder.

We have not thought it necessary to set forth at length the full

history of the Kettle River Railroad's litigation with the town of Hinckley. Although pertinent to this inquiry, it is very tersely narrated in the report of the former case in this court, above cited, which we commend to the attention of such as find a perusal of this opinion for authority necessary. The facts involved are stated accurately, and the legal conclusions, under the salutary rule of res judicata, with the exception of the single question of fraudulent service, decided by the trial court in this case, have all been settled, and are not the subject of review at this time.

Judgment affirmed.