BALL v. WARRINGTON.

(Circuit Court of Appeals, Third Circuit. April 29, 1901.)

No. 27.

1. JUDGMENT AGAINST CORPORATION—EFFECT AS EVIDENCE AGAINST STOCK-HOLDER—IMPEACHMENT FOR FRAUD.

Under the law of Kansas, a judgment against a corporation is not conclusive against a stockholder who was not a party to the action, if it was obtained through fraud or collusion, although it can only be impeached for fraud or want of jurisdiction; hence, under the "full faith and credit" clause of the constitution, such a judgment rendered by a court of Kansas is required to be given the same effect, but no greater, in an action against a stockholder in a court of another jurisdiction.

2. CORPORATION—ACTION AGAINST STOCKHOLDER—PLEADING.

In an action of assumpsit in a federal court in Pennsylvania against a stockholder in a Kansas corporation to enforce his additional statutory liability, the plaintiff being a judgment creditor of the corporation, the defendant may introduce evidence under a plea of non assumpsit to impeach the validity of plaintiff's judgment for fraud, where an affidavit of defense setting up such special matter has been filed in accordance with the state practice.

3. TRIAL—QUESTIONS FOR JURY—FRAUD.

Fraud is a question of fact, which, where the facts are in dispute and the evidence is conflicting, should be submitted to the jury.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

See 102 Fed. 1000.

J. Morris Waln and A. U. Bannard, for plaintiff in error.

E. Spencer Miller, for defendant in error.

Before ACHESON and GRAY, Circuit Judges, and BUFFINGTON, District Judge.

BUFFINGTON, District Judge. William E. Ball, trustee, the plaintiff in error, brought an action at law in the court below against Anna M. Warrington to enforce her statutory double liability as a shareholder of the Kansas Savings Bank, a corporation of the state of Kansas. The constitution of that state (article 12, § 2) provides, "Dues from corporations shall be secured by individual liability of stockholders to an additional amount equal to the stock owned by each stockholder." In pursuance of the statutory provisions of the state, the plaintiff brought suit in the district court of Harvey county,. Kan., against the bank upon a certificate of deposit, and on June 18, 1891, recovered a judgment by default in the sum of $10,220. On May 12, 1892, an execution was issued on said judgment, which on May 17, 1892, the sheriff returned unsatisfied. The plaintiff then brought this suit in the circuit court for the Eastern district of Pennsylvania against Anna M. Warrington to enforce her liability as a shareholder, and filed a statement of claim in conformity with the Pennsylvania procedure act of 1887; the practice under such act being adopted and followed by the circuit court. The defendant thereupon filed an affidavit of defense, in which she alleged, inter alia, that the judgment against the Kansas Savings Bank was fraudu-

lent, that it had been obtained by collusion between the plaintiff and the representatives of the bank, and that the object of the collusion was to avoid a defense which existed, enable the plaintiff to obtain a judgment and pursue the defendant and other stockholders. Deeming the affidavit of defense insufficient, the circuit court entered judgment for the plaintiff. That judgment was reversed by this court (Warrington v. Ball, 33 C. C. A. 609, 90 Fed. 464); the court holding that the defendant could defend on the ground of fraud. On a trial of the cause upon that issue the jury found for the defendant, and on entry of judgment in favor of defendant a writ of error to this court was sued out by plaintiff. The error assigned may be resolved into four heads: First, the judgment of Ball, trustee, against the Kansas Savings Bank is conclusive upon the defendant, and she cannot attack it in this case, though it was obtained by fraud and collusion; second, if fraud and collusion in obtaining the judgment will avail to defeat it, such defense is an equitable one only, and the defendant cannot avail herself of it in the present action at law; third, evidence bearing on the question of fraud was not admissible under the pleadings; and, lastly, the evidence was not sufficient to justify submission to the jury of the question of fraud.

The first and second questions were settled by this court when this case was here before. In an opinion of marked clearness and sound reasoning, Judge Butler demonstrated that both under the ruling of the highest court of Kansas (Ball v. Reese, 58 Kan. 614, 50 Pac. 875), and in conformity with well-recognized principles of law, the judgment against the company was not conclusive upon the shareholder, when obtained by fraud and collusion. Since our decision above cited, the supreme court of Kansas has, in a case involving the statutory liability here in question, re-enunciated its ruling that a judgment obtained against the corporation "is conclusive against the shareholders, and can be impeached only for fraud or lack of jurisdiction." Steffins v. Gurney, 61 Kan. 295, 59 Pac. 725. In Bank v. Farnum, 176 U. S. 643, 20 Sup. Ct. 506, 44 L. Ed. 619, the supreme court of the United States, citing Ball v. Reese, supra, to evidence the effect given in Kansas to a judgment against the corporation, and quoting from that case as follows: "In the absence of fraud and collusion, the judgment must be held to be final and conclusive against the stockholder if the court rendering it has final jurisdiction."—says: "This representative character of the corporation has been affirmed by this court in several cases. In Hawkins v. Glenn. 131 U. S. 319, 9 Sup. Ct. 739, 33 L. Ed. 184, it was held that, 'in the absence of fraud, stockholders are bound by a decree against their corporation in respect to corporate matters, and such a decree is not open to collateral attack.'" In view of these decisions, it was clearly the duty of the court below to hold, as it did, that the judgment against the Kansas Savings Bank Company, to which the defendant was not a party, if obtained by fraud and collusion, was not conclusive upon her. And inasmuch as that court gave the judgment the same force and credit conceded to it in Kansas, namely, that, in the absence of fraud and collusion, it was final and conclusive against the stockholder, there was no violation of the constitutional pro-

vision that "full force and credit shall be given in each state to public acts, records, and judicial proceedings of every other state." That the defense of fraud was an available defense at law, and the defendant in this case was not required to go into a court of equity for relief, was decided by this court when the case was here before.

We are also of opinion the evidence bearing on the question of fraud was admissible under the pleadings. The rules of local courts do not regulate the procedure of the circuit court. Its procedure, as we have noted, is, in cases like the present, adapted to the Pennsylvania procedure act of 1887. That act provides (section 7), "The defendant in the action of assumpsit shall be at liberty, in addition to the plea of 'non-assumpsit,' to plead payment, set off, and, also the bar of statute of limitation, and no other pleas." The pleas in this case were non assumpsit, payment, and set-off. Moreover, the plaintiff was fully advised by the affidavit of defense of the special matter which the defendant proposed to prove. In Pennock v. Kennedy, 153 Pa. 581, 26 Atl. 15, the supreme court of Pennsylvania, construing this act, said:

"The act declares that the defendant in all actions of assumpsit shall, if required so to do by the plaintiff, reply to the plaintiff's statement of his cause of action by an affidavit of defense. This affidavit serves a double purpose: It discloses to the courts facts which, if made to appear to the satisfaction of a jury, would make a good defense, and so carries the case to a jury for determination. It is also a notice of special matter to the plaintiff."

We are also of opinion the evidence adduced by the defendant was such as to necessitate the submission to the jury of the question of fraud. So far as the evidence before the court below is concerned, the bank had a clear defense to the claim. The facts shown by the proofs were that the plaintiff, as trustee, held a note of the Arkansas Valley Land & Loan Company which matured January 27, 1891. On this note one W. G. Oldfield, three men named McClain, and the plaintiff, as an individual, were indorsers. Oldfield and the McClains were sole owners of the Arkansas Company, the maker of the note. On September 27, 1890, Oldfield, who had become cashier of the Kansas Savings Bank, took up this note, thereby relieving plaintiff on his indorsement, and gave him a paper in which he falsely and without authority certified that W. E. Ball, trustee, had deposited in the Kansas Savings Bank $9,662.11, payable on the return of the certificate on January 27, 1891, with interest at 8 per cent. In point of fact, no money was deposited by Ball in the Kansas Savings Bank, nor was any consideration whatever shown to have been received by such bank for its purported obligation. There was no knowledge or ratification by the directors of the bank of the transaction. Indeed, the majority of the directors did not know that any such paper had been issued, or that suit was brought upon it, until after judgment was entered. The bank itself was incorporated March 19, 1890, and began business April 10, 1890. On March 15, 1890, the defendant paid for 42 shares of stock $4,200. But two meetings of the board of directors were held,—one March 23, 1890, to elect officers, and one November 21, 1890, to authorize an assignment. No other business was transacted by the board at these meetings. Good faith

to the stockholders required that a defense be made to the plaintiff's suit, and it is difficult to conceive how the omission to make it is consistent with honesty to them. It was not defended. The testimony on behalf of the defendant in the court below tends to show that no defense was made by the assignee, because so advised by counsel for the plaintiff, who was alleged to have been counsel for the assignee as well. The testimony in that regard was conflicting, but, being conflicting, we think the court below would have erred, in view of all the facts and circumstances shown, had it refused to submit the case to the jury; the general rule of law being that fraud is a question of fact, and when facts are disputed the jury shall decide. We see no error in the court submitting the issue to the jury. The judgment of the circuit court is affirmed.