FINCH, VAN SLYCK & McCONVILLE v. JOHN F. VANASEK AND OTHERS.[1]

January 7, 1916.

Nos. 19,494—(162).

**Constitutional liability of stockholders—enforcement—right to jury trial.**

1. Proceedings under section 6646, G. S. 1913, for an assessment against stockholders of an insolvent corporation, are summary and informal, not controlled by all the forms of ordinary judicial procedure, and the stockholders are not entitled to a jury trial of the questions involving the authority of the court to order an assessment.

**Same — evidence admissible.**

2. The court may, under the statute, receive such evidence, by affidavit or otherwise, as will aid in the determination of the essential questions.

[1] Reported in 155 N. W. 754.

**Same — schedules in bankruptcy.**

3. Certain schedules in bankruptcy proceedings and certain affidavits, though the affidavits contained some matters of hearsay, *held* properly received in evidence.

**Constitution — due process of law.**

4. The statute authorizing such evidence does not deprive the stockholders of their property without due process of law, and is therefore *not* unconstitutional.

**Order levying assessment — defenses.**

5. The assessment is preliminary to subsequent proceedings for the collection thereof, is conclusive only as to the insolvency of the corporation and the amount of the assessment, and does not preclude the stockholders from interposing in such subsequent proceeding any other matter which may be available in defense.

**Trial in adjoining county by consent.**

6. The proceeding was pending in Le Sueur county, but the final hearing upon the petition for the assessment was had in the adjoining county of Scott. *Held*, not error, since the adjournment to Scott county was by the consent of both parties.

Application to the district court for Le Sueur county by John H. Lebens, as receiver of defendant corporation, for an order assessing stockholders therein preliminary to the enforcement of their constitutional liability. The application was heard before Morrison, J., who ordered an assessment upon each share of capital stock equal to the par value thereof. From the order of assessment, John F. Vanasek and Albert Sladek appealed. Affirmed.

*Moonan & Moonan,* for appellants.

*James E. Trask,* for respondent.

BROWN, C. J.

The Le Sueur County Co-operative Company, a corporation organized under the laws of this state, was engaged, among other things, in a general mercantile business. The stockholders thereof, as respects the debts of the corporation, are subject to the liability imposed by section 3 of article 10 of the Constitution. The corporation became insolvent and bankruptcy proceedings against it were had in the Federal court, wherein its effects and property were taken and the proceeds applied as the

law requires. It appears, however, that the stockholders' liability was not enforced in that proceeding. Subsequently plaintiff herein brought an action against the corporation to recover upon an indebtedness due it, and therein recovered a judgment for the sum of $967.80, upon which an execution was issued and returned unsatisfied. Thereafter a receiver was appointed under and pursuant to the provisions of sections 6634 and 6641, et seq., and the receiver duly applied for an order assessing all stockholders of the corporation, preliminary to the enforcement of the liability imposed by the Constitution. Notice of the application was duly given and the matter was brought on for hearing before the court at Le Sueur Center, in the county of Le Sueur, the county wherein the proceedings were pending, on April 27, 1915. Appellants herein, stockholders of the corporation, appeared and interposed by way of answer certain objections to the proceedings, and to the making of an order of assessment against them. The matter was, by the consent of counsel, adjourned for further hearing before the court on May 4, 1915, at Shakopee, in Scott county, a county adjoining Le Sueur county, and within the same judicial district. At the time and place so appointed the parties appeared, and appellants then objected to further proceedings before the court in Scott county, on the ground that the matter was triable in the county of Le Sueur, and that there was no warrant in law for the hearing in Scott county. The objection was overruled, and the court proceeded to hear evidence upon the question of insolvency of the corporation, the probable indebtedness thereof and its assets, the greater part of which was objected to by appellants, and upon such evidence made an order assessing the stockholders 100 per cent of their holdings. From that order the stockholders appealed.

1. It is contended that the trial court was without authority or jurisdiction to hear and determine the matter in Scott county; that, since the proceeding was brought and was pending in Le Sueur county, the stockholders had the right to a trial in that county. It was further contended that the allegations of the answer filed by the stockholders in opposition to the proposed assessment presented issues of fact for a jury to determine, and for this further reason that the stockholders were entitled to a trial thereof before a jury in Le Sueur county.

Neither contention can be sustained. The stockholders are not en-

titled to a jury trial in a proceeding of this kind. It was intended by the statute that the proceeding should be summary and without formal pleadings, and it is not controlled by all the forms usually incident to judicial procedure. The court under the statute deals in the main with probabilities, and is not authorized to determine any fact, other than that of insolvency and the amount of the assessment to be made, which in any way precludes the stockholders in a subsequent action brought to enforce the assessment. The assessment is but preliminary to such an action and therein the stockholders may present all matters that may be available to them in defense. Straw & Ellsworth Mnfg. Co. v. L. D. Kilbourne Boot & Shoe Co. 80 Minn. 125, 83 N. W. 36. In reference to the claim that the court was without authority to hear the matter in Scott county, we need only say that we must accept the statement of the trial court that the matter was continued for hearing in that county by the express consent of both parties. Such being the case appellants are in no position to complain. The suggestion that the adjournment to Scott county was for the purpose only of presenting some law questions to the court is not sustained by the record as certified by the trial court.

2. It is further contended that the court erred in admitting certain documentary evidence over the objection and exception of appellants, and that the assessment is grossly excessive. The documents so objected to were certain affidavits, and certain schedules or lists of creditors certified by the clerk of the bankruptcy court. We discover no substantial error in the admission of such documents. As heretofore stated the corporation had, prior to this proceeding, been adjudged a bankrupt in the Federal court, and all its property, save the stockholders' liability, was absorbed in that proceeding. Creditors appeared therein and their claims were presented and allowed, of which 59 per cent was paid by the trustee. The schedules referred to and which were offered in evidence on this proceeding disclosed these facts, and the amount of claims filed and allowed in that proceeding, the names of the creditors, and the unpaid amount of each claim. The affidavits were made by the receiver herein and by his attorney, and one Galbraith, an attorney for certain of the creditors in the bankruptcy court, and tended to show facts essential to the authority of the court to order the assessment.

The statute under which the assessment proceeding is conducted (section 6646, G. S. 1913), provides that upon such hearing, after proof of due service of notice, the court shall receive and consider such evidence by affidavit or otherwise as may be presented upon the following points: (1) The nature and probable extent of the indebtedness of the corporation; (2) the probable expense of the receivership; (3) the probable amount of available assets, and (4) the persons liable as stockholders, the nature and extent of their liability, and their probable solvency or responsibility, and therefrom determine the propriety and necessity of the proposed assessment.

The insolvency of the corporation in the case at bar appears without dispute, and its only available asset is found in the stockholders' liability. That this liability may be enforced notwithstanding the bankruptcy proceeding, it not having been resorted to therein, was held in Way v. Barney, 116 Minn. 285, 133 N. W. 801, 38 L.R.A. (N.S.) 648, Ann. Cas. 1913A, 719. The necessity for an assessment against the stockholders, therefore, is manifest, and the only controverted question before the court was the amount to be levied. This question is to be determined in such case by the probable indebtedness, the probable expense of the receivership, and the number and probable solvency or insolvency of the stockholders. In the determination of these matters the court proceeds summarily, and the statute authorizes the admission of such evidence, "by affidavit or otherwise," as will have some pertinent bearing thereon. The schedules certified by the bankruptcy court clearly show an unpaid indebtedness of over $10,000, and were proper evidence to be received. The documents disclosed facts which were before the bankruptcy court in a proceeding of which it had jurisdiction, and as a record of that court were evidence of the facts stated therein, at least proper to be received under the statute controlling this proceeding. In addition to these schedules the receiver testified that from his investigation there was in the neighborhood of $9,000 other indebtedness. The probable expense of the proceeding as sworn to in the affidavit of the receiver's attorney will vary from $1,000 to $5,000. It is true that the affidavits in some respects contained matters of hearsay, but not to such an extent as to justify the conclusion that they were wholly incompetent as evidence under the statute. For the most part the affidavits detailed the

proceedings in the bankruptcy court, and the facts disclosed by the records of that court. We think it was within the discretion of the court to act on the affidavits.

The evidence upon the subject of the number of stockholders, and their names and probable solvency, is not as clear as might be desired. But it is apparent that this branch of the proceeding is not of controlling importance, for the inquiry as to the number of stockholders, and their probable solvency, is only pertinent as it may bear upon the amount of an assessment to be made. The evidence is sufficient, and we hold the assessment not so excessive as to justify interference by this court. The assessment is but the foundation for the proceedings subsequently to be brought for collection thereof if voluntary payment be not made, and when paid is applied under the order of the court. If a surplus remains after payment of debts and expenses, it is returned to the stockholders. Straw & Ellsworth Mnfg. Co. v. L. D. Kilbourne Boot & Shoe Co. supra. In view of this fact this court should interfere with an assessment only when palpably beyond all reasonable necessity.

3. There was no error in the restriction of the cross-examination of the receiver in respect to the number of stockholders. Appellants made no offer to show the number of such stockholders, or otherwise to discredit the *prima facie* case made by the receiver that there were about 250.

4. The contention that the statute authorizing the court to receive affidavits in support of an application of this kind, since such affidavits contain hearsay evidence, is void as depriving appellants of their property without due process of law, in violation of the Federal Constitution, is not sustained. The question requires no extended discussion. The statute deals with a rule of procedure or evidence, and does not offend the Constitution.

This covers all assignments of error necessary to be mentioned. We discover no error of which appellants may complain.

Order affirmed.