### J. EMERSON GREENFIELD v. MINNESOTA MINING & DEVELOPMENT COMPANY.[1]

December 7, 1917.

No. 20,591.

**Corporation — liability of stockholders — collateral attack on judgment.**

1. In a sequestration proceeding having as one object the enforcement of stock liability the stockholders may by answer assail for fraud or collusion the judgment for the plaintiff against the defendant upon which the proceeding rests.

**Same — fraud and collusion not well pleaded.**

2. The answer of a stockholder in this proceeding is *held* not to allege fraud and collusion sufficiently.

Action in the district court for St. Louis county to sequestrate the property of defendant corporation and enforce the liability of stockholders. From an order, Dancer, J., sustaining plaintiff's demurrer to the amended answer, Christ Sanders appealed. Affirmed.

*Courtney & Courtney,* for appellant.

*John Brennan,* for respondent.

DIBELL, C.

This is an action to enforce the stock liability of the stockholders of the defendant corporation. The defendant Sanders answered. The plaintiff demurred to a portion of the answer. From the order sustaining the demurrer the defendant Sanders appeals.

1. The action is brought under G. S. 1913, § 6634, et seq., and rests upon a judgment for the plaintiff against the defendant corporation upon which an execution was returned unsatisfied. The answer is in-

[1]Reported in 165 N. W. 274.

tended to charge as an affirmative defense that the judgment was procured by fraud and collusion between the plaintiff and the corporation. One point of the demurrer is that the judgment is conclusive against the stockholders and cannot be assailed, even for fraud, by answer in this action, but only by an independent action brought for the purpose or by motion in the action in which it was rendered.

In a proceeding such as this the stockholders are concluded on the question of corporate indebtedness by the judgment against the corporation in the absence of fraud vitiating it. Oswald v. Minneapolis Times Co. 65 Minn. 249, 68 N. W. 15; Holland v. Duluth Iron Min. & Dev. Co. 65 Minn. 324, 68 N. W. 50, 60 Am. St. 480; Hanson v. Davison, 73 Minn. 454, 76 N. W. 254; Town of Hinckley v. Kettle River R. Co. 80 Minn. 32, 82 N. W. 1088; Finch, Van Slyck & McConville v. Le Sueur County Co-op. Co. 134 Minn. 376, 159 N. W. 826. In the view of the law the stockholders are represented by the corporation and the judgment is in effect against them in their corporate capacity. If the judgment was procured by fraud they are not concluded. This is indeed conceded. The question is, may the judgment be assailed by answer in the sequestration proceeding for the fraud which vitiates it?

In Oswald v. Minneapolis Times Co. 65 Minn. 249, 68 N. W. 15, the court said that the judgment which supported the action was "conclusive against the stockholders until reversed for error or impeached for fraud by a direct proceeding. The judgment cannot be impeached collaterally by stockholders, any more than by the corporation itself." This language lends itself to the suggestion that in the sequestration proceeding the stockholder cannot show fraud inhering in the judgment; but in that case, as the court says, no facts constituting fraud were alleged or proved. In Town of Hinckley v. Kettle River R. Co. 80 Minn. 32, 82 N. W. 1088, fraud and collusion in the judgment were alleged by the stockholders. The trial court found against the charge and its finding was sustained by this court. The plaintiff there as here urged that the stockholders could not in the sequestration proceeding assail the judgment for fraud. The particular point was not mentioned in the opinion. It is clear that neither of the cases is decisive of the question.

An examination of the cases outside of this state shows that in like or resembling proceedings the cases almost universally hold either directly,

or by way of legitimate inference, that an issue of fraud may be raised in the manner here sought. It is not of moment whether it be said that such an attack is a direct attack or that because of the fraud a permissible collateral attack. We cite as bearing directly or incidentally upon the question the following: Bissit v. Kentucky River Nav. Co. (C. C.) 15 Fed. 353; Warrington v. Ball, 90 Fed. 464, 33 C. C. A. 609; Ball v. Warrington, 108 Fed. 472, 47 C. C. A. 447; American Nat. Bank v. Supplee, 115 Fed. 657, 52 C. C. A. 293; Saylor v. Commonwealth Banking Co. 38 Ore. 204, 62 Pac. 652; Robinson v. Phegley, 84 Ore. 124, 163 Pac. 1166; Choat v. Boyd, 59 Kan. 682, 54 Pac. 1042; Wilson v. Kiesel, 9 Utah, 397, 35 Pac. 488; Whitman v. Cox, 26 Me. 335; Nichols v. Stevens, 123 Mo. 96, 25 S. W. 578, 27 S. W. 613, 45 Am. St. 514; McBryan v. Universal Ele. Co. 130 Mich. 111, 89 N. W. 683, 97 Am. St. 453; Schrader v. Manufacturers' Nat. Bank, 133 U. S. 67, 10 Sup. Ct. 238, 33 L. ed. 564; Ward v. Joslin, 186 U. S. 142, 22 Sup. Ct. 807, 46 L. ed. 1093; 4 Thompson, Corp. (2d ed.) § 4982; 2 Black, Judgments (2d ed.) § 583; 1 Bolles, Banking, 154; 10 Cyc. 733, et seq.; 12 Cent. Dig Corp. §§ 1024-1030; 5 Dec. Dig. Corp. § 253; 11 Dec. Dig. Judg. § 701.

Each rule has its advantages and disadvantages. We adopt the one in accord with authority and hold that the stockholders may by answer in the sequestration proceeding assail for fraud or collusion the plaintiff's judgment upon which the proceeding rests.

2. The answer alleges in very general terms that the plaintiff, who was the vice president and the principal stockholder of the defendant corporation, advanced it large sums of money, taking its notes at usurious rates, and requiring it to turn over large amounts of stock as a consideration for the making of the loan. The facts constituting the usury are not more specifically stated. There is a further general allegation that the judgment upon such loans was suffered to be entered by default and through the fraud or collusion of the directors and officers of the corporation with the plaintiff. No specific facts are stated. The question is not wholly free of doubt, for the plaintiff is an officer of the corporation and the details of his dealings with it are not presumptively within the knowledge of the defendant, but we reach the conclusion that the answer is insufficient. Of course it is settled that mere general al-

legations of fraud are insufficient. We are not now concerned with the general question of the effect of usury between the plaintiff and the corporation or of the effect of the entry of a judgment upon usurious contracts. No such question is determined on this appeal.

The fifth paragraph of the answer alleges that the affairs of the corporation were negligently and fraudulently conducted by the plaintiff and its officers and its assets depleted. It is a concession of the defendant's brief that these allegations do not constitute a separate defense and are of importance only in connection with the charges of fraud and collusion affecting the judgment. We accordingly construe the answer as presenting only one affirmative defense and what is alleged in paragraph five requires no further consideration.

Order affirmed.