## GEORGE A. PAYNE v. A. J. SPARKS AND OTHERS.[1]

May 31, 1929.

Nos. 27,339, 27,340, 27,341, 27,342, 27,343, 27,344, 27,345.

*F. K. Gage,* for appellants.
*F. B. Kalash,* for respondent.

HOLT, J.

The appeal is from an order sustaining a demurrer to defendant's answer. The action is by the receiver of an insolvent corporation to enforce the so-called double liability against defendant, a stockholder. There are seven cases all alike.

The complaint discloses that Lakefield Livestock Sales Pavilion, Incorporated, was organized under the laws of this state, and that in proceedings to enforce stockholders' liability an order was made

[1]Reported in 225 N. W. 649.

levying a 100 per cent assessment against all owners of stock at the time the receiver was appointed; that defendant was a stockholder; that the assessment has not been paid by him though demanded; wherefore judgment is asked.

The attempted defense alleged is in short this: In September, 1925, three named banks owned each an undivided third of a real estate mortgage securing promissory notes executed by the corporation to the banks to the amount of $4,000; the mortgage was made by the corporation to the banks and covered certain described real estate; one Rue was the secretary of the corporation and also the cashier of one of the banks; the mortgage was foreclosed and the property bid in by the banks for $1,500; all notices in the foreclosure proceeding were served upon Rue, and no other director of the corporation knew thereof; thereafter the three banks recovered deficiency judgments upon the notes in the sum of $1,206.83 each; one of the banks, unable to obtain payment of its judgment, started sequestration proceedings wherein plaintiff was appointed receiver. The gist of the defense is to be found in the allegations charging that Rue gave the directors of the corporation no information of the foreclosure proceedings and fraudulently connived and planned with the banks to obtain title to all of the property of the corporation for the $1,500 bid at the foreclosure; that such property was then worth at least $6,000; that Rue made no attempt in behalf of the corporation to redeem from the foreclosure sale nor in any manner notified the other members of its board of directors; that Rue had an agreement and understanding with the banks that he should withhold knowledge of the foreclosure, the suits for deficiency, and the sequestration proceedings from the corporation, its board of directors and stockholders; and that as a result of this fraud the stockholders of the corporation were deprived of their property and were denied an opportunity to be heard or intervene in their own behalf or in the interest of Lakefield Livestock Sales Pavilion, Incorporated.

It has been intimated in some of our decisions that the judgment upon which sequestration is based is not conclusive as to stock-

528

holders but may be attacked for fraud and collusion, and appellant cites Finch, V. S. & McC. v. Vanasek, 132 Minn. 9, 155 N. W. 754; Greenfield v. Minnesota M. & D. Co. 138 Minn. 446, 165 N. W. 274. The first case contains nothing countenancing the defense set up when the receiver brings suit against the individual stockholder upon an assessment ordered after a hearing. The Greenfield case [138 Minn. 448] holds "that the stockholders may by answer in the sequestration proceeding assail for fraud or collusion the plaintiff's judgment upon which the proceeding rests." There the stockholder answered in the action brought by the judgment creditor for the sequestration of the assets of the insolvent corporation. In the instant case the sequestration had been adjudged, the receiver had been appointed, and the assessment against the stockholders made before defendant voiced any objection to the proceeding. It is first when the receiver sues to enforce the assessment that he attempts to assail the judgment which serves as a basis for the sequestration proceeding. This is not a defense personal to him so as to come within such decisions as Straw & Ellsworth Mfg. Co. v. L. D. Kilbourne B. & S. Co. 80 Minn. 125, 83 N. W. 36; Finch, V. S. & McC. v. Vanasek, 132 Minn. 9, 155 N. W. 754. We have not been cited to any authority holding that when the sequestration proceeding has gone so far that a receiver has been appointed, a hearing upon his petition for an assessment against the stockholder has been had, and an order has been made levying such assessment, a stockholder in the suit to collect the assessment may assail the judgment upon which the sequestration rests. Such a defense would be common to every stockholder and debtor of the insolvent corporation. Under our statutes (G. S. 1923, § 8013-8031, as amended, 2 Mason Minn. St. id.) stockholders receive ample notice to enable them to appear and contest either the sequestration itself or the order of assessment and there make the defense now attempted. It would involve intolerable confusion and litigation if each stockholder when sued upon the assessment were given the opportunity to attack the judgment upon which the sequestration rests.

It may also be added that the allegations of fraud are quite similar to those which in the Greenfield case, 138 Minn. 446, 165

N. W. 274, were held too general. No attack is made upon the notes or the mortgage securing the same. There is no claim that default was not made in the mortgage. The statutory notices required in the foreclosure of mortgages would be presumed to reach the directors of the mortgagor. They would hardly be justified in pleading ignorance of the fact that the corporation had defaulted. Nothing irregular is claimed in the foreclosure proceeding or sale. No facts are pleaded showing that the corporation had any legal defense to the action for deficiency which resulted in the judgment sought to be now attacked. There is no claim that the corporation was solvent when the sequestration proceeding started, or that it could have liquidated its debts without resorting to the stockholders' double liability.

The order is affirmed.