WILLIAM E. BALL, *Trustee*, v. JOHN REESE *et al.*
No. 10182.

STOCKHOLDER'S LIABILITY — *valid judgment against corporation conclusive in proceeding to enforce*. In a proceeding to enforce the individual liability of a stockholder, a judgment against the corporation, rendered by a court having jurisdiction, will, in the absence of fraud and collusion, be deemed to be final and conclusive as to the amount of the indebtedness and the liability of the corporation to pay the same.

Error from Harvey District Court. Hon. F. L. Martin, Judge. Opinion filed November 6, 1897. *Reversed.*

*Peters & Nicholson*, for plaintiff in error.

*Bowman & Bucher, Branine & Branine* and *A. L. Greene*, for defendants in error.

JOHNSTON, J.   This was a proceeding brought by W. E. Ball to enforce the individual liability of the defendants as stockholders in the Kansas Savings Bank, a corporation incorporated under the laws of Kansas, against which, on June 18, 1891, Ball obtained a judgment for $10,220 on a certificate of deposit previously issued by the bank.   In these proceedings the defendants undertook to show that the certificate of deposit was not a valid indebtedness of the corporation, because, as alleged, it was issued by its officers without authority.   The trial court ruled that the stockholders could make any defense which the bank itself might have made, admitted testimony as to lack of authority by the officers to bind the bank, and upon such testimony held that there was in fact no indebtedness, that the judgment was not effectual, and that Ball was not entitled to an execution thereon against the stockholders.

The ruling cannot be sustained.   The judgment was rendered by a court of competent jurisdiction, an execution thereon has been returned unsatisfied, and the remedies against the corporation have been exhausted. The judgment creditor is entitled to proceed against the stockholders, as the Constitution and the statutes make them individually liable for the debts of the corporation.  Const., art. XII, sec. 2 ;  Gen. Stat. 1889, ¶ ¶ 1192 and 1206.

The question presented for decision is :  What effect is to be given to the judgment against the corporation in a proceeding to enforce the statutory liability?   Is it to be deemed conclusive upon the stockholders?  or can they go behind it and compel the creditor to re-litigate the questions determined between the corporation and himself?   The rule appears to be well settled, and the courts seem to be well nigh unanimous in

holding, that the judgment is conclusive upon the stockholders as to the liability of the corporation, except for collusion or fraud, and, of course, a judgment is of no force against any one where there is a lack of jurisdiction. The ruling proceeds upon the theory that the corporation represents its stockholders within the limits of its corporate power. Through its officers and agents it can make contracts binding upon its members, and as it has to bring and defend suits in regard to any interest of the corporation, its action in that respect, if there is good faith, necessarily binds the stockholders as to any matter in litigation. In this connection it has been said :

"It must be borne in mind that a corporation is composed of its shareholders, and that a judgment obtained against the corporation is in reality a judgment obtained against the shareholders in their corporate capacity. There is no reason why the members of a corporation should be allowed to contest a creditor's claim twice — once in the suit against the corporation through the corporate agents, and again in the suit brought to charge them individually. If the judgment against the corporation was obtained by fraud or through collusion with the company's agents, the shareholder may obtain relief through equitable proceedings." Morawetz on Private Corporations (2d ed.), § 886.

In his treatise on corporations, Judge Thompson states that, although stockholders cannot appear and contest the merits of the action against the corporation, "yet when a judgment is rendered against the corporation it establishes, as conclusively as any judgment can establish, the matter in litigation, the liability of the corporation to pay the debt. Like any judgment, it may be impeached for fraud or for want of jurisdiction by a party entitled to question it; but it cannot be assailed collaterally by a stockholder for any other cause when sought to be charged in respect

of it.   It is valid until reversed in a direct proceeding, and concludes the stockholder who is in privity with the corporation." 3 Thompson's Commentaries on Law of Corporations, § 3392.   See, also, the numerous cases there cited.

The defendants appear to have relied upon some remarks in *Howell v. Manglesdorf* (33 Kan. 194), where the judgment is spoken of as *prima facie* evidence against the stockholder, and his liability to the creditors of the corporation as in the nature of a guaranty.   The character of the liability was not involved in the case, and no attempt was made to define it. *Prima facie*, the judgment is valid, even if obtained by collusion and fraud ; and it is also true that the liability has some of the features of suretyship, because it is an additional security of the creditor for the liability of the corporation.   While the liability is secondary and collateral, it is certainly not one of suretyship as the term is ordinarily understood.   In the case mentioned, the court was considering the question whether, in a proceeding like this, a notice might be served on the stockholder outside of the State, and did not have before it the conclusive effect of the judgment.   In referring to the defense that might be made by the stockholder, it was said he might show that he was not a stockholder ; or, if he had subscribed to the capital stock, that it had been forfeited or released, or had been sold and transferred, and the liability thereon assumed and succeeded to by another ; or he might show that the judgment against the corporation was void, or that he had already paid the amount of his individual liability.   There was no intimation, however, that he might re-litigate the amount or validity of the indebtedness against the corporation.   The general holding in this court has been that a judgment is final and conclusive between

the parties and their privies; and we think it must be held that exery stockholder in a corporation is so far privy in interest in an action against the corporation that he is bound by the judgment against it. In the absence of fraud and collusion, the judgment must be held to be final and conclusive against the stockholder if the court rendering it has jurisdiction. As the judgment was valid, the court committed error in allowing the defendants to go behind it and contest matters which were conclusively settled by the judgment against the corporation.

Defendants have attempted to question the finding of the trial court that there was due service of summons in the action against the corporation, but they are hardly in a position to challenge that finding. They are endeavoring to sustain the findings, and are asking that the judgment of the court be affirmed. No error is alleged by them, and hence they are not entitled to a review of that ruling.

The judgment will be reversed, and the cause remanded for further proceedings.