# HANCOCK NATIONAL BANK *v.* FARNUM.

ERROR TO THE SUPREME COURT OF THE STATE OF RHODE ISLAND.

No. 89.   Argued December 21, 1899. — Decided March 12, 1900.

A plaintiff, after the recovery of a judgment against a Kansas corporation in the courts of Kansas, and the return of an execution unsatisfied, can maintain an action in any court of competent jurisdiction against a stockholder of the corporation to recover in satisfaction of his judgment an amount not exceeding the par value of the defendant's stock.   *Whitman* v. *Oxford National Bank, ante,* 563, followed to this point.

The action of the Supreme Court of`Rhode Island in failing to recognize such right in the plaintiff in error can be revised by proceeding in error in this court.

The judgment rendered in the Kansas court is in that State conclusive against the corporation, as well as binding upon the stockholder, and, under the Constitution and laws of the United States it should have the like force and effect in other States when attempted to·be enforced in their courts.

THE facts of this case are these: The plaintiff in error, plaintiff below, a creditor of the Commonwealth Loan & Trust Company, a corporation duly organized under the laws of the State of Kansas, recovered a judgment on December 8, 1893, in the Circuit Court of the United States for the District of Kansas against the corporation for the sum of $16,136.76, debt, and $28.45 costs of suit.   Thereafter, on April 27, 1894, an execution was issued on the judgment, and after due search and diligence no property of the corporation could be found to be taken in satisfaction thereof, and it was returned wholly unsatisfied.   The corporation was not a railway, religious or charitable corporation.   The defendant is a stockholder in that corporation, holding ten shares of the capital stock of the par value of $100 each, and appearing as such stockholder on the books of the corporation.   Setting forth these facts with further detail of the provisions of the Kansas constitution and statutes, the plaintiff filed its declaration in the Common Pleas Division of the Supreme Court of Rhode Island to recover a judgment for a sum equal to the amount of defendant's stock.   To this declaration a demurrer was filed

and sustained and judgment entered for the defendant, 20 R. I. 466, to reverse which judgment the plaintiff sued out this writ of error.

*Mr. William Reed Bigelow* for plaintiff in error. *Mr. H. J. Jaquith, Mr. William J. Cronin* and *Mr. John E. Conley* were on his brief.

*Mr. Walter F. Angell* for defendant in error. *Mr. Stephen O. Edwards, Mr. Seeber Edwards* and *Mr. Albert Gerald* were on his brief.

MR. JUSTICE BREWER, after making the above statement, delivered the opinion of the court.

This case brings to our consideration the same constitutional and statutory provisions of the State of Kansas which were before us in *Whitman* v. *Oxford National Bank, ante,* 563. In that case we decided that a plaintiff, after the recovery of a judgment against a Kansas corporation in the courts of Kansas, and the return of an execution unsatisfied, could maintain an action in any court of competent jurisdiction against a stockholder of the corporation to recover in satisfaction of his judgment an amount not exceeding the par value of the defendant's stock. It is unnecessary to rediscuss the questions there considered.

It remains to be determined whether the action of the Supreme Court of Rhode Island in failing to recognize the right which, in the case just referred to, we have held that the plaintiff possessed, is one which can be revised by this proceeding in error. In order to give this court jurisdiction of a case decided in the courts of a State there must be some question arising under the Constitution of the United States; some alleged denial of a right or immunity secured by that Constitution. The plaintiff says that the decision of the Supreme Court of Rhode Island denied it a right given by section 1, article 4, of the Constitution of the United States, which reads: " Full faith and credit shall be given in each

State to the public acts, records and judicial proceedings of every other State. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof," and the following statute passed in pursuance thereof, to wit, Revised Statutes, section 905:

"The acts of the legislature of any State or Territory, or of any country subject to the jurisdiction of the United States, shall be authenticated by having the seals of such State, Territory or country affixed thereto. The records and judicial proceedings of the courts of any State or Territory, or of any such country, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice or presiding magistrate, that the said attestation is in due form. And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken."

The plaintiff's contention that these Federal provisions required a decision different from that made by the state court was distinctly presented and ruled against. The jurisdiction, therefore, of this court, is clear. It may examine and inquire whether any right secured by these provisions was denied by the state court, though if it finds that no such right was denied, the judgment will have to be affirmed, no matter what may be the opinion of this court as to the correctness of the ruling as a question of general law.

The Constitution declares that full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State, and that Congress may not only prescribe the mode of authentication but also the effect thereof. Section 905 prescribes such mode, and adds that the "records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken." Such is the Congressional decla-

ration of the effect to be given to the records and judicial proceedings of one State in the courts of every other State. In other words, the local effect must be recognized everywhere through the United States.

What then is the faith and credit given by law or usage in the courts of Kansas to a judgment against a corporation? What is the effect of such a judgment as there established? This is a question not answered by referring to general principles of law, by determining what at common law was the significance and effect of a judgment, but can be answered only by an examination of the decisions of the courts of Kansas. The law and usage in Kansas, prescribed by its legislature and enforced in its courts, make such a judgment not only conclusive as to the liability of the corporation, but also an adjudication binding each stockholder therein. We do not mean that it is conclusive as against any individual sued as a stockholder that he is one, or if one, that he has not already discharged by payment to some other creditor of the corporation the full measure of his liability, or that he has not claims against the corporation, or judgments against it, which he may, in law or equity, as any debtor, whether by judgment or otherwise, set off against a claim or judgment, but in other respects it is an adjudication binding him. He is so far a part of the corporation that he is represented by it in the action against it. *Ball* v. *Reese*, 58 Kansas, 614. In that case it was said, correcting an inference which was sought to be drawn from language in the case of *Howell* v. *Manglesdorf*, 33 Kansas, 194, in respect to the effect of a judgment against a corporation (pp. 617, 618):

"The general holding in this court has been that a judgment is final and conclusive between the parties and their privies; and we think it must be held that every stockholder in a corporation is so far privy in interest in an action against the corporation that he is bound by the judgment against it. In the absence of fraud and collusion, the judgment must be held to be final and conclusive against the stockholder if the court rendering it has final jurisdiction. As the judgment was valid, the court committed error in allowing the defendant to go

behind it and contest matters which were conclusively settled by the judgment against the corporation."

This representative character of the corporation has been affirmed by this court in several cases. In *Hawkins* v. *Glenn*, 131 U. S. 319, it was held that "in the absence of fraud, stockholders are bound by a decree against their corporation in respect to corporate matters, and such a decree is not open to collateral attack." This was a case in which an assessment ordered by a court which had jurisdiction of the corporation was held binding upon stockholders residing in another State; and in the opinion, on page 329, it was said by Chief Justice Fuller:

"A stockholder is so far an integral part of the corporation that, in the view of the law, he is privy to the proceedings touching the body of which he is a member."

See also *Glenn* v. *Liggett*, 135 U. S. 533; *Great Western Telegraph Co.* v. *Purdy*, 162 U. S. 329, 337.

Now, as the judgment rendered in the Kansas court is in that State not only conclusive against the corporation but also binding upon the stockholder, it must, in order to have the same force and effect in other States of the Union, be adjudged in their courts to be binding upon him, and the only defences which he can make against it are those which he could make in the courts of Kansas. The question to be determined in this case was not what credit and effect are given in an action against a stockholder in the courts of Rhode Island to a judgment in those courts against the corporation of which he is a stockholder, but what credit and effect are given in the courts of Kansas in a like action to a similar judgment there rendered. Thus and thus only can the full faith and credit prescribed by the Constitution of the United States and the act of Congress be secured.

In *Crapo* v. *Kelly*, 16 Wall. 610, 619, referring to the statute of Congress respecting the authentication of records, it was said:

'Under this statute it has been held in this court, from an early day, that the faith and credit spoken of are not limited to the form of the record, and are not satisfied by its admission

as a record. It is held that the same effect is to be given to the record in the courts of the State where produced, as in the courts of the State from which it is taken."

The fact that this judgment was rendered in a court of the United States, sitting within the State of Kansas, instead of one of the state courts, is immaterial; for, as said in *Crescent Live Stock Co.* v. *Butchers' Union*, 120 U. S. 141, 147, citing *Dupasseur* v. *Rochereau*, 21 Wall. 130, 135; *Embry* v. *Palmer*, 107 U. S. 3:

" It may be conceded, then, that the judgments and decrees of the Circuit Court of the United States, sitting in a particular State, in the courts of that State, are to be accorded such effect, and such effect only, as would be accorded in similar circumstances to the judgments and decrees of a state tribunal of equal authority."

See also *Metcalf* v. *Watertown*, 153 U. S. 671–676; *Pittsburgh, Cincinnati &c. Railway* v. *Long Island Loan & Trust Co.*, 172 U. S. 493.

We are of the opinion, therefore, that the Supreme Court of Rhode Island has failed to give to the judgment in the Circuit Court of the United States for the District of Kansas that force and effect which it has within the limits of the State of Kansas, and that the failure so to do is an error available in this court.

*The judgment of the Supreme Court of Rhode Island must, therefore, be reversed, and the case remanded for further proceedings not inconsistent with the views herein expressed.*

MR. JUSTICE PECKHAM dissented.