Hillsborough,
  Dec., 1900.

### TOMPKINS, *Receiver*, v. BLAKEY.

An assessment against shareholders to pay the debts of an insolvent foreign corporation, levied in accordance with a decree of the court of the domicile, is equally valid and conclusive here; and in an action brought in this state to collect such assessment, the only defences available are those based upon grounds other than the invalidity of the decree.

Where a statute of another state provides that a judgment against a corporation domiciled therein shall be binding upon shareholders in respect to corporate matters, proceedings thereunder constitute due process of law.

The assent of a non-resident shareholder to such statute is evidenced by his ownership of stock, and he thereby to that extent subjects himself to the jurisdiction of the court of the domicile.

A receiver appointed by the court of a sister state may maintain an action in his own name in the courts of this state, as a matter of comity, when the rights of resident creditors will not be impaired thereby.

DEBT, by the receiver of the Union Stock Yards State Bank, a state bank of Iowa, against one of the shareholders, a citizen of New Hampshire, to collect an assessment to pay the debts of the corporation, made as prescribed by the statutes of Iowa. The declaration alleges the organization and insolvency of the bank; the appointment of the plaintiff as receiver; proceedings levying an assessment in accordance with the statute, as construed by the Iowa court; and that the defendant is a stockholder and refuses to pay the assessment. The defendant demurred, assigning as reasons that the declaration does not set forth a cause of action, and that the plaintiff has no authority to sue in this jurisdiction. The demurrer was sustained, subject to exception.

*Wilcox & Brodex* (of New York) and *William A. J. Giles*, for the plaintiff.

*George B. French* and *John S. H. Frink*, for the defendant.

PEASLEE, J. The case presents two questions — whether the action of the Iowa court in levying the assessment is conclusive here, and whether the plaintiff can here maintain an action in his own name. The first question is a federal one, and upon it the decisions of the supreme court of the United States are conclusive. According to those decisions, full faith and credit can be given to the judicial acts of another state only by attributing to them the same effect and conclusiveness that they have in the state where rendered. *Hancock Nat'l Bank* v. *Farnum*, 176 U. S. 640. The force and effect of this assessment in a suit thereon in Iowa must be attributed to it here. So far as it is valid and conclusive there, it is equally so here; and what might be litigated in a suit there may be in this case. The declaration alleges that the assessment has been held to be valid by the Iowa court of last resort, and designates by name the case in which the decision was rendered. While the text of the opinion is not in form made a part of the declaration, it has been discussed by counsel on both

sides, and has been considered. If occasion shall ·hereafter arise for formally incorporating it into the declaration, leave to amend may be applied for at the trial term.

Upon the question of the effect in Iowa of the proceedings there taken, there is no room for speculation or debate, for the assessment in question has been passed upon in that state. The fact that each stockholder should be assessed fifty per cent of the par value of his stock is *res adjudicata* there. *State* v. *Bank*, 103 Ia. 549, 560. Defences personal to the individual, as that he has paid or otherwise discharged the obligation, are not cut off. As to these he may take issue and be heard. *Hancock Nat'l Bank* v. *Farnum*, 176 U. S. 640. The defences now available are only those which are based upon other grounds than the invalidity of the decree levying the assessment. That decree is not open to collateral attack. *State* v. *Bank*, 103 Ia. 549, and cases cited. It is idle to argue the question upon general principles of law. It is not answered by referring to them, nor by determining what, at common law, is the significance and effect of a judgment. It can only be answered by an examination of the decisions of the courts of Iowa. As was said in the suit brought to recover in Rhode Island under the Kansas statute, "the question to be determined in this case was not what credit and effect are given in an action against a stockholder in the courts of Rhode Island to a judgment in those courts against the corporation of which he is a stockholder, but what credit and effect are given in the courts of Kansas in a like action to a similar judgment there rendered. Thus, and thus only, can the full faith and credit prescribed by the constitution of the United States and the act of congress be secured." *Hancock Nat'l Bank* v. *Farnum, supra.* This is the rule laid down by the court whose province it is to interpret the constitutional provision invoked by the plaintiff.

The defendant further insists that because it is the law of this state that the individual liability of a stockholder is not contractual, the Iowa court had no jurisdiction over him, and he may treat its judgment as a nullity. A judgment is not binding upon one over whom the court had no jurisdiction; but what may constitute jurisdiction, so that a judgment must be recognized and enforced in a sister state, is a federal question. To determine the existence of due process of law is the final province of the federal court. *Costello* v. *McConnico*, 168 U. S. 674, 693. So far as the question of the nature of the liability is a general one, the state court may adopt such views as it deems sound; but when the matter of jurisdiction is involved, as in the present case, this court is controlled by the decisions of the supreme court of the United States. While it is the general rule here that the individual liability of a stock-

holder is not contractual, as to suits upon judgments rendered in other states the rule may be that "in the absence of fraud, stockholders are bound by a decree against their corporation in respect to corporate matters, and such decree is not open to collateral attack." *Hawkins* v. *Glenn*, 131 U. S. 319.   Jurisdiction may be obtained in this manner.   If the state has enacted statutes to this effect, proceedings under them constitute due process of law, and must be respected here.   The rule does not necessarily depend upon the nature of the original suit, nor upon the question whether the corporation is interested in the same way as the stockholder. *Sheafe* v. *Larimer*, 79 Fed. Rep. 921.   If by the law of the domicile of the corporation the judgment is binding upon the stockholder, his assent to such law is evidenced by his becoming an owner of the stock, and he thereby to that extent subjects himself to the jurisdiction of the court of the domicile.   Of course, the necessary jurisdictional fact that the defendant is a stockholder must be proved, and as to this fact the judgment is not conclusive. *Hancock Nat'l Bank* v. *Farnum*, 176 U. S. 640.   When this fact is established, the effect of the decree here declared upon must be determined by the laws of Iowa.

The declaration states a cause of action.   It alleges that the assessment was levied under the Iowa statute, and in a manner approved by the Iowa court; that by the law of that state the decree is binding upon stockholders; that the defendant has been a stockholder in the bank since its organization; and that he has refused and neglected to pay the assessment.   Upon such facts, he would be liable for the amount claimed.

The remaining question is whether the plaintiff shall be allowed to maintain a suit in this court.   In one view the question is not strictly one of law.   It is rather one of courteous treatment of an officer of a sister state.   It is evident that this assessment may be recoverable by some one; if not by the present plaintiff, then by an officer appointed in this state.   If an officer of this state should collect it, it would be turned over to the Iowa authorities — that is, to this plaintiff — for distribution according to the laws of that state.   If there is any good reason for such expensive, dilatory, and indirect action, it has not been pointed out.   The late cases all tend toward the recognition of a foreign receiver, so far as such action will facilitate the determination of rights.   *Wallace* v. *Investment Co.*, 68 N. H. 188; *Crippen* v. *Rogers*, 67 N. H. 207, and cases cited.   Such procedure is in harmony with the general practice here, which looks to the advancement of substantive rights rather than adherence to obsolete forms.   This reasonable rule is one that assignees appointed in this state are constantly asking other states to recognize.   There is no sufficient reason why this

plan of procedure should be abandoned for the narrow and provincial one urged by the defendant. Circumstances might exist which would justify a retention of the funds in this state. If the home receiver was not to make an equitable division, if there was no security for those interested, if the rights of a citizen of this state were to be abridged, or if some similar reason was shown, a different case would be presented. It is alleged in the declaration and admitted by the demurrer that the plaintiff has given a sufficient bond, and that he holds the assets for equal distribution among all the creditors. There is no suggestion that there is any creditor of the institution in this state, or that any one's interests will be impaired by allowing the plaintiff to recover the assessment in his own name. The plaintiff is allowed to maintain his suit, as a matter of comity. This view renders it unnecessary to consider whether his title is such that he could sue here as of right. See _Howarth_ v. _Angle_, 162 N. Y. 179 ; _Howarth_ v. _Lombard_, 175 Mass. 570, 579.

_Exception sustained._

YOUNG, J., did not sit: BLODGETT, C. J., did not concur: the others concurred.