Joseph A. Broderick, as
Superintendent of Banks
of the State of New York ⎰ No. 92219.
vs.
Charles N. Cole

May 18, 1934.

CHURCHILL, J. Heard on demurrer to the declaration.

The plaintiff, Superintendent of Banks of the State of New York, has brought this action in assumpsit to enforce the alleged liability of the defendant as a stockholder of the Bank of the United States, a banking corporation organized under the laws of the State of New York.

The declaration sets forth the provisions of the law of New York on which the action is grounded.

Article VIII, Sec. 7 of the constitution of New York provides that "the stockholders of every corporation * * * for banking purposes shall be individually responsible for the amount of their respective share or shares of stock in any such corporation and for all its debts and liabilities of every kind".

Secs. 120, 80, 57 and 72 of the banking laws of the State of New York purport to carry the constitutional provisions into effect.

Stockholders are made individually responsible for all the debts of a bank to the amount of their stock at par value in addition to the amount invested in such shares.

The person named by statute to enforce such liability is the Superintendent of Banks. He is given power to take possession of the business and property of the banking corporation whenever it shall appear, among other things, that such corporation cannot with safety and expediency continue business. (Sec. 57 of the Banking Laws.)

The Superintendent after taking possession shall notify all creditors to present their claims to him. (Sec. 72 of the Banking Laws.)

When the last day to present claims has expired "and (the superintendent) has determined from his examination of its affairs that the reasonable value of the assets of such corporation is not sufficient to pay its creditors in full, he may enforce the individual liability of such stockholders in whole or in part". Then follow provisions for demand on the stockholders for the amount of the assessment as determined by the Superintendent.

In the case of failure to pay on the part of the stockholder after such demand "the Superintendent shall have a cause of action, in his own name as Superintendent, against such stockholder either severally or jointly with other stockholders of such corporation for the amount of such unpaid assessment * * * . In any such action, the written statement of the Superintendent, under his hand and seal of office reciting his determination to enforce the individual liability, or any part thereof, of such stockholders, and setting forth the nature of the assets of such corporation and the liabilities thereof, as determined by him after examination and investigation, shall be presumptive evidence of such facts as therein stated". (Sec. 80 of the Banking Law.)

As pleaded the statutes do not reveal any provisions for judicial examination, decree, order, or review of any character either as to the fact of insolvency of the bank, the amount of its assets or liabilities, or the necessary amount of the assessment on the stockholder up to the point of institution of suit by the Superintendent against the stockholder.

The allegations of the declaration follow the statutory lines. They set out that the Bank of the United States could not with safety and expediency continue its business; that the plaintiff, Broderick, as Superintendent of Banks, took possession of the assets of the bank and that he is now engaged in the liquidation thereof; that he notified creditors to file their claims; that the last date for filing claims has expired; that after such date he determined that the reasonable value of the assets was not sufficient to pay its creditors in full; that he decided that an assessment of $25 a share against each stockholder was necessary and that he has issued his written statement reciting his determination to enforce the liabilities of the stockholders and setting forth the reasonable value of the assets and the amount of the liabilities; that a copy of such certificate is annexed and made a part of the declaration and that it is presumptive evidence of the facts therein recited and as such is binding on the defendant.

The statutory notice to the defendant before suit is also pleaded.

The defendant has demurred on numerous grounds but the point most stressed in argument was that the plaintiff is not entitled to maintain this action since it is based on provisions of the laws of New York which are contrary to the laws of this State and contrary to its public policy and hence unenforceable in this jurisdiction.

The main contention of the plaintiff is "that if the statute defining the liability (of stockholder) determines that it is a contractual liability, it is not the privilege or right of another jurisdiction to determine the liability to be statutory or non contractual and that New York courts have decided, in construing these constitutional provisions, that the liability imposed is contractual".

The plaintiff cites in particular in support:

*Whitman* vs. *National Bank of Oxford*, 176 U. S. 559;

*Hancock National Bank* vs. *Farnum*, 176 U. S. 640;

*Converse* vs. *Hamilton*, 224 U. S. 243.

In *Whitman* vs. *National Bank of Oxford*, 176 U. S. 559, the Court had to do with a statute of Kansas which authorized a judgment creditor of a corporation with an execution against the corporation returned nulla bona, on notice and hearing, to take out an execution against a stockholder up to the amount of his stock. The plaintiff took necessary steps and brought suit against the stockholder in the U. S. Circuit Court in New York. The Supreme Court held that as the Kansas Supreme Court had construed the statute to the effect that the stockholder was bound by the judgment against the corporation, the plaintiff was entitled to recover.

In *Hancock National Bank* vs. *Farnum*, 176 U. S. 640, the same statute was involved. The Supreme Court of this State refused to enforce the Kansas statute (20 R. I. 466) on the ground that it was contrary to our public policy. The Supreme Court of the United States reversed this ruling on the ground that under Sec. 1, Art. 4, of the Constitution of the United States, full faith and credit had not been given to the Kansas judgment.

*Converse* vs. *Hamilton*, 224, U. S. 243, is another case where the full faith and credit clause was involved. This was a suit by a receiver of a corporation of Minnesota, suit being brought in Wisconsin. The Minnesota statute provided for a proceeding in equity to ascertain the amount of liabilities and assets and the determination of the amount to be assessed against the stockholders who were notified of such suit and given an opportunity to appear and defend. On a decree in which these necessary facts were judicially found, the receiver brought suit and it was held he was entitled to enforce such a decree in a foreign jurisdiction.

In all of these cases, and others cited on this point, and regardless of the details of the various statutes involved, it appears that, at some point in the proceedings, a judgment or decree had been entered in the state of domicile of the corporation in a course of judicial proceedings against the corporation or its stockholders.

In the case at bar there is no judgment, decree or judicial order which by the state law binds the stockholder, but there is pleaded the ex parte finding of an administrative officer on such relevant facts as the insolvency of the bank, the amount of its liabilities and assets and the amount of the assessment.

No authorities have been cited and none have been found which extend the doctrine of the Whitman, Farnum and Converse cases to a case where only the finding of an administrative officer is involved or that hold that the full faith and credit clause protects the statement set up in this case.

Where no question of full faith and credit is involved under the Federal Constitution, it is exclusively a question for the Courts of the forum to decide how far and under what con- 'itions they will allow a foreign statute to be enforced.

*Finney* vs. *Grey*, 189 U. S. 235;

*Bradford Electric Co.* vs. *Clapper*, 286 U. S. 145 at 160.

The plaintiff also relies on the cases of

*Hartford Accident & Indemnity* vs. *Della & Prue Land Co.*, 78 Law Ed. adv. op. 767 (Decided April 9, 1934),

**and**

*Home Ins. Co.* vs. *Dick*, 281 U. S. 397.

Without going into an extended discussion of the facts of these or similar cases, it is enough to say that both cases involved insurance policies, valid where made and where the state of the forum attempted to impair the obligation of the contract. No foreign statute was involved. In the Dick case the Court was careful to point out that "the State was not bound to provide remedies and procedure to suit the wishes of individual litigants" and "that a State may properly refuse to recognize foreign rights which violate its declared policy".

The plaintiff stresses the argument that the stockholder's liability is contractual. The consistent holdings in this State are to the effect that it is a statutory obligation.

> *Sayles* vs. *Bates*, 15 R. I. 342;
>
> *Wing* & *Evans* vs. *Slater*, 19 R. I. 597;
>
> *Hancock National Bank* vs. *Farnum*, 20 R. I. 466.

It is not, however, necessary to determine the precise character of the liability under the New York decisions. The plaintiff brings into this State more than the obligation declared by constitution and statute. He seeks to enforce in our Courts remedial statutory provisions by means of which the alleged obligation of the stockholder is enforced.

To take a pertinent example: the plaintiff alleges that "said statement as authorized by Section 80 of the banking law of the State of New York is binding upon the defendant herein as presumptive evidence of the facts recited therein". Among the facts recited are the amounts of liabilities and assets, and the determination of the Superintendent that "the sum of $25 a share was required and necessary to provide moneys towards the payment * * * of sums due and owing the creditors of such Bank * * * ".

When the declaration says this statement is binding upon the defendant, it can only mean that it is binding on him in this Court and that by virtue of a foreign statute.

No authorities have been cited and none have been found which establish the doctrine that the so-called implied contract of the stockholder embraces all the remedial legislation in aid of enforcement of the liability of a stockholder of a foreign jurisdiction, to the degree that such legislation can be transported to the domicile of the stockholder and there enforced as a matter of right. The cases where proceedings in a foreign jurisdiction have already ripened into judgment or decree stand on a different basis.

The question, therefore, narrows itself to this: Will this State on grounds of comity enforce the statutory provisions of New York as pleaded in the declaration?

One of the tests commonly applied is that of similarity of legislation.

> *Hancock National Bank* vs. *Farnum*, 20 R. I. 466 at 471.

There is no similar legislation here. In 1908 the liability of stockholders in state banks was abolished.

At this point may be noticed the case of *Broderick* vs. *Stephano* (not yet reported), recently decided by the Supreme Court of Pennsylvania, in which the plaintiff's right to recover in Pennsylvania under the New York statute was sustained.

Pennsylvania has a banking act similar to the Banking Act of New York pleaded in this action and the Court took occasion to say that no question of public policy prevented recovery. This is sufficient to distinguish the case from the case at bar.

This test of similarity may not be conclusive, however. In *O'Reilly* vs. *N. Y., N. H., & H. R. R. Co.*, 16 R. I. 388 at 396, the Court followed a broader rule and held that lack of

similar legislation was not fatal if the foreign statute sought to be enforced was not contrary to the law or policy of the state where action was brought.

Well nigh the whole case of the plaintiff here is made to turn on the ex parte findings of an administrative officer embodied in a certificate which binds the defendant. Such a method of establishing liability is contrary to our legal traditions and settled practice, and hence against our public policy, and would obviously result in injustice to the defendant.

*Van Tuyl* vs. *Carpenter*, 135 Tenn. 629.

The demurrer is sustained.

For plaintiff: Sisson & Fletcher.

For defendant: Swan, Keeney & Smith.