# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| DAVID NAUHEIM and COLLEEN NAUHEIM, husband and wife and the marital community composed thereof,<br><br>          Appellants,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a foreign corporation,<br><br>          Respondent. | No. 76274-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: <u>March 19, 2018</u> |

SPEARMAN, J. — In class action litigation, a judgment for the plaintiff class extinguishes the claims of individual plaintiffs. David and Colleen Nauheim (Nauheim) appeal the dismissal of their suit against Volkswagen Group of America (VW). But Nauheim's individual claim was extinguished by the class action settlement. We affirm.

## FACTS

In the fall of 2015, VW admitted that it had installed "defeat device" software in model 2009-2015 diesel cars. The software allowed vehicles to evade emission-control requirements by artificially reducing emissions during testing.

Nauheim owns a 2009 Volkswagen Jetta TDI (turbocharged direct injection diesel). He filed a complaint against VW in King County Superior Court in November 2015. Based on the defeat device software, Nauheim asserted claims for fraud, violations of the Consumer Protection Act, Ch. 19.86 RCW and Auto Dealers Act, Ch. 46.70 RCW and "Other Violations of State and Federal Law." Clerk's Papers (CP) at 7.

Separately, many parties filed actions against VW in federal court. In December 2015, a judicial panel granted a motion to establish centralized pretrial proceedings for federal actions arising from the defeat device software. The panel established multidistrict legislation (MDL) in the Northern District of California and transferred pending federal cases.

In the Nauheim matter, VW asked Nauheim to specify the violations of federal law referenced in the complaint. VW asserted that this information would allow it to evaluate the Nauheim matter for possible removal to federal court and transfer to the MDL. Nauheim filed an amended complaint that omitted the reference to violations of federal law. Nevertheless, VW asserted that Nauheim's claims depended on federal law and removed the action to federal court.[1] On March 15, 2016, the Western District court remanded to King County Superior Court. The court ruled that Nauheim's complaint alleged only state causes of action and the resolution of these claims did not depend on federal law. The Nauheim matter proceeded in superior court.

---

[1] In the alternative, VW asserted that the federal court had diversity jurisdiction because the true amount in controversy was greater than $75,000. The trial court rejected this argument because Nauheim expressly sought less than $75,000 in actual damages.

The MDL litigation was also proceeding. In January 2016, the plaintiffs' steering committee appointed a lead counsel. The lead counsel filed a consumer class action suit on February 22. The action identified class members as persons who owned or leased affected VW vehicles and encompassed their federal and state law claims based on the defeat device.

In July, the MDL court granted preliminary approval of a settlement in the class action. Under the terms of the settlement, owners of affected VW cars are entitled to cash restitution and either a vehicle buyback or a free fix. In exchange, class members release "any and all claims . . . arising from or in any way related to" the device defeat software. CP at 484. The court certified the proposed class and ordered that class members be given notice through a variety of media. The court prescribed an opt-out procedure and set September 16, 2016 as the opt out deadline.

Based on the preliminary class action settlement, VW moved to continue the Nauheim matter. VW stated that Nauheim was a putative class member and had until September 16 to decide whether to accept the settlement or pursue a separate claim. VW's position was that, if Nauheim did not timely opt out, the settlement would moot the King County case. Nauheim opposed VW's motion and asserted that he intended to reject the proposed settlement. The court continued the matter until after the opt out deadline.

On October 25, the MDL court issued an order granting final approval of the class action settlement. The order grants final certification of the settlement class and dismisses with prejudice any individual claims by class members who

did not timely opt out. The order enjoins class members who did not timely opt out from commencing or maintaining any action against VW based on the defeat device software.

In King County, VW moved to dismiss the Nauheim action under CR 12(c) based on the class action settlement. VW asserted that, because Nauheim did not opt out of the settlement, he was precluded from maintaining his claim. In response, Nauheim relied on the order of the Western District court remanding to King County. Based on this order, Nauheim asserted that only the King County Superior Court had jurisdiction over his claims and he was not bound by the decision of the federal court in the class action. The trial court rejected Nauheim's argument and granted VW's motion to dismiss. Nauheim appeals.

## DISCUSSION

We review a dismissal under CR 12(c) de novo. P.E. Systems, LLC v. CPI Corp., 176 Wn.2d 198, 203, 289 P.3d 638 (2012) (citing Parilla v. King County, 138 Wn. App. 427, 431, 157 P.3d 879 (2007)). Where a class action is properly conducted, the judgment in the action binds all class members. Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 379, 116 S. Ct. 873, 134 L.Ed.2d 6 (1996). A judgment in favor of the plaintiff class extinguishes the claims of individual plaintiffs. Cooper v. Fed. Reserve Bank of Richmond, 467 U.S. 867, 874, 104 S. Ct. 2794, 81 L.Ed.2d 718 (1984). The judgment in the class action thus has a preclusive effect on subsequent litigation.

These principles are not altered because the judgment in the class action is issued by a federal court. Judgments of federal courts receive the same full

faith and credit as judgments from other states. Williams v. Steamship Mut. Underwriting Ass'n, 45 Wn.2d 209, 213, 273 P.2d 803 (1954) (citing Hancock Nat. Bank v. Farnum, 176 U.S. 640, 20 S. Ct. 506, 44 L. Ed. 619 (1900)). See also Stoll v. Gottlieb, 305 U.S. 165, 170, 59 S. Ct. 134, 137, 83 L. Ed. 104 (1938) (state courts must accord judgments of federal courts "the same dignity . . . as those of its own courts . . . .").

Nauheim asserts that his individual claim was not extinguished by the class action. He argues that, because his individual claim presents only state causes of action, the federal court that decided the class action had no jurisdiction over his claim. Nauheim contends that the lack of federal jurisdiction was established when the Western District court remanded his claim to King County. Nauheim further asserts that the Western District remanded because it determined that he was not a member of the class represented in the class action. These arguments are without merit.

In remanding to King County, the Western District court ruled that Nauheim's individual claim did not present a federal question. This ruling occurred before the class was certified in the class action. The district court did not rule on whether Nauheim was a class member, whether his claims were encompassed in the class action, or whether the federal court had jurisdiction over the class action. The remand of Nauheim's individual suit has no bearing on the class action.

Nauheim's individual claim is based on his ownership of a 2009 Volkswagen Jetta TDI affected by the defeat device software. The class action

5

identifies as class members all persons who owned or leased cars affected by the defeat device software, expressly including 2009 Jetta TDIs. The class action encompasses state law claims by persons who own affected vehicles, expressly including claims based on Washington State law. The federal court ruled that it had personal jurisdiction over class members and subject matter jurisdiction over the federal and state law claims of class members. The settlement order dismisses with prejudice claims by class members who did not timely opt out and enjoins class members from maintaining actions arising from the defeat device software.

Nauheim's individual claim is encompassed in the class action settlement and was extinguished by that settlement.[2] The trial court did not err in dismissing Nauheim's suit.

Nauheim asserts, however, that the Western District's order stating that it did not have jurisdiction became the law of the case. He also asserts, in his reply brief, that his on-going litigation was tantamount to opt out and that the superior court lacked authority to enforce the class action settlement. He provides no authority to support these assertions. We decline to consider conclusory arguments that are unsupported by citation to authority. Joy v. Dep't of Labor & Industries, 170 Wn. App. 614, 629, 285 P.3d 187 (2012) (citing RAP 10.3(a)(6)). See also Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (declining to consider issue raised for the first time in reply brief).

Affirmed.

WE CONCUR:

_Spearman, J._

_Leach, J._                    _Appelwick, J._

---

[2] It appears that Nauheim may still take advantage of the settlement in the class action. At oral argument, VW asserted that, as a class member, Nauheim has until September 2018 to select a buyback or free fix.